(Revised 8/21/03)         **UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

                                  **CIVIL ACTION NO. \***

VS.                                 **JUDGE HAIK**

                                **MAGISTRATE JUDGE \***

<u>**ILLUSTRATIVE  PRETRIAL ORDER**</u>

**Trial Date:** _____

**Pretrial Conference Date:** _____

**Type of Trial:**          **(JUDGE)**         **(JURY)**

**Trial Attorney Attending[1]:**         **Party/Claim Represented:**

_____     _____

_____     _____

_____     _____

**1. <u>Claims and Responses</u>:**

Any party asserting a claim shall identify as to each claim: (a) the law and any contractual provision supporting the claim; (b) the jurisdictional basis for the claim; (c) the remedy prayed for as to each defendant; and (d) the law supporting that remedy as to that defendant. **This requirement applies to all counterclaims, cross-claims, third-party claims, and interventions, and the parties shall state whether they have stipulated to any intervention.**

Each party against whom a claim has been asserted shall provide the following information: (a) the basis or lack thereof for each claim; (b) all affirmative defenses asserted and the legal bases therefor; (c) whether the dispute in question is one of law, fact, or contractual interpretation; and (d) the law supporting the responses.

In bench trials, the information regarding claims and responses contained in this section shall be supplemented by page-specific citations to supporting jurisprudence as to each claim, remedy, defense, and allegation.

**FAILURE TO INCLUDE A CLAIM OR DEFENSE IN THIS ORDER WILL CONSTITUTE ABANDONMENT OF THE CLAIM OR DEFENSE.**

---

[1]**All trial counsel must attend the pretrial conference absent further court order.**

### 2. Procedural History and Posture
The parties shall set out the procedural history of the case, including (a) disposition of motions filed; (b) a list of any pending motions; and (c) a list of any anticipated motions.

### 3. Issues of Law
Identify any TRUE issues of LAW which remain unresolved as of the pretrial conference.

### 4. Thumbnail Sketch of Facts:
Each party shall give a BRIEF (i.e., two to three paragraphs only) thumbnail sketch of the **specific facts** which support its claim or claims.

### 5. Stipulations:
List here any matters to which the parties can stipulate. Counsel are encouraged to stipulate to as many factual and legal issues as possible in the interests of reducing costs and delays at trial. In jury trials, counsel shall state whether the stipulations are to be read to the jury.

### 6. Witnesses:
Each party shall set out a witness list which conforms to the requirements of Fed.R.Civ.P. 26(a)(3)(A) and (B). Pursuant to this Courts authority per Rule 16 to modify its scheduling order, the parties are required to provide only a <u>Will Call</u> Witness List to the Court at the time of submission of the pre-trial order.

### 7. Exhibits:
Each party shall set out an exhibit list which conforms to the requirements of Fed.R.Civ.P. 26(a)(3)(C). For all substantive objections, other than relevancy, the parties must submit copies of the disputed exhibit. Pursuant to this Courts authority per Rule 16 to modify its scheduling order, the parties are required to provide an Exhibit List which reflects only those exhibits that <u>will</u> be presented at trial at the time of submission of the pre-trial order.

### 8. Objections to Witness and Exhibit Lists
List here any objections to the witness or exhibit lists of another party, including those objections contained in FED.R.CIV.P. 26(a)(3). Any objections not specifically stated in the Pretrial Order are deemed waived unless excused by the court for good cause shown.

### 9. For Bench Trials
The parties shall submit **two** bench books 7 days prior to trial FOR THE EXCLUSIVE USE of the trial judge and their law clerk unless consent of the Court is obtained. Objections must accompany the bench books or risk being deemed waived.

Note that in bench trials, the parties are required to supplement the information regarding claims and responses, contained in Paragraph 1 *supra*, with page-specific citations for supporting jurisprudence as to each claim, remedy, defense, and allegation.

**10. For Jury Trials**
In JURY TRIALS, JOINT jury instructions and JOINT jury interrogatories shall be attached unless permission of the court is obtained prior to deadline for submission of the Pretrial Order. If there is a dispute as to an instruction or interrogatory question, the parties are to agree to the extent possible and footnote the disagreement with proper page-specific cites to the jurisprudence being relied upon to support the party's position. If the dispute is one of fact to be proved at trial, the fact at issue shall be identified in a footnote and the language for an instruction supporting each factual scenario shall be attached noting its application to that fact if found. Parties are to be prepared to discuss disputes as to Jury Instruction and Interrogatories at the pretrial conference.

Counsel shall not duplicate this Court's boilerplate jury instruction. Jury Instructions taken from the Fifth Circuit Pattern Instructions may be identified by number only and citation to the edition of the volume used. A floppy disk or CD-ROM containing all jury instructions and jury interrogatories <u>created by counsel</u> should accompany this order.

Proposed voir dire questions specific to a party or issue should accompany this order. Counsel shall not duplicate this Court's boiler plate voir dire.

Copies of the boiler plate instructions and voir dire, may be obtained by written request accompanied by a self-addressed mailing envelope.

The parties shall submit **two** bench books 7 days prior to trial FOR THE EXCLUSIVE USE of the trial judge and their law clerk unless consent of the Court is obtained. Objections must accompany the bench books or risk being deemed waived.

Note : the parties are required to supplement the information regarding claims and responses, contained in Paragraph 1 *supra*, with page-specific citations for supporting jurisprudence as to each claim, remedy, defense, and allegation.

**11. Editing Trial Depositions/Filing Objections**.
All depositions to be used at trial, including video depositions, shall be edited to remove non-essential, repetitious, and unnecessary material as well as objections and colloquy of counsel are due 10 days prior to trial. All objections to the deposition will be considered waived unless briefed and filed with the Clerk of Court, **WITH A COPY DELIVERED TO THE TRIAL JUDGE'S CHAMBERS,** on or before the 10 day deadline.

**12. Counsel Affirmations**
The Pretrial Order shall contain an affirmation that all counsel are aware that exhibits are to be published to the jury by way of CD-ROM or the Visual Presenter unless consent of this Court is obtained upon a showing of impracticality or prejudice.

a. Trial counsel shall affirm he or she is familiar with the Visual Presenter and its operation or note the date they have scheduled with this Court's Courtroom Deputy for training.

b.     Counsel shall affirm they have placed documents on CD-ROM in all cases deemed "document intensive" in the Rule 26(f) Report.

c.     Counsel shall affirm final good faith settlement negotiations have been engaged in WITHIN ONE WEEK prior to the pretrial conference.

d.     Counsel shall affirm their understanding that failure to comply with any requirement of the Federal Rules of Civil Procedure, the Scheduling Order, or other orders of this court, will risk the imposition of the sanctions provided for by the Federal Rules of Civil Procedure.

e.     Counsel shall affirm their need, if any, for handicap provisions which are provided by the court.

                                        ORIGINAL OR FAX SIGNATURES OF TRIAL COUNSEL
                                        DATE OF SIGNATURES

Case 6:07-cv-00536-JA-KRS Document 37-2 Filed 05/24/2007 Page 4 of 12
Case 6:07-cv-00536-JA-KRS Document 75-2 Filed 06/27/2007 Page 4 of 12

4

(revised 5/19/2006)

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

|                        |           |
|------------------------|-----------|
|                        | *   CIVIL ACTION NO. |
| **VERSUS**             | *   JUDGE   HAIK |
|                        | *   MAGISTRATE JUDGE |

## RULE 26(f) REPORT[2]

**Trial Date:** _____

**Pretrial Conference Date:** _____

**Type of Trial (Bench or Jury)** _____

**Estimated length of trial is** _____ **court days.**

**1. Participants:**
List all counsel participating in the conference and the parties they represent.

**2. Affirmation Regarding Initial Disclosures:**
The parties shall affirm that they have complied with the initial disclosure requirements of Fed.R.Civ.P.26(a)(1) by the deadline contained in the Scheduling Order. (If not, explain why not).

**3. Jurisdictional Basis:**
The parties shall state the jurisdictional basis for the suit and any objections to jurisdiction.

**4. Brief Description of Claims:**
Each party asserting a claim, counterclaim, cross-claim, third-party claim or intervention shall *briefly* state the following (***do not simply repeat the pleadings here***): (a) the specific facts which support the claim or claims; (b) the law and any contractual provision supporting the claim; and (c) the remedy prayed for as to each defendant.

---

[2] **INSTRUCTION TO COUNSEL**: Mail, e-mail, or deliver the original Rule 26(f) Report directly to the Magistrate Judge assigned to the case. DO NOT SEND THIS REPORT TO THE CLERK OF COURT. If you wish to e-mail the report, you must e-mail the ORDER in WORD PROCESSING format, and the Rule 26(f) REPORT in PDF format to the appropriate e-mail address. For Magistrate Judge Methvin send to **methvin_orders@lawd.uscourts.gov**. For Magistrate Judge Hill send to **hill_orders@lawd.uscourts.gov**. **You are still obligated to provide opposing counsel with a copy of the submission.**

5. **Brief Statement of Responses:**  Each party against whom a claim has been asserted shall provide the following information: (a) the basis or lack thereof for each claim; (b) all affirmative defenses asserted and the legal bases therefor; and (c) whether the dispute in question is one of law, fact, or contractual interpretation.

6. **Anticipated Amendments to Pleadings and Motions**
The parties shall identify any amendments to pleadings or motions (dispositive or otherwise) that the party anticipates filing.

7. **Anticipated Expert Witnesses**
Please list by name, if known, field of expertise, and subject matter of testimony.

8. **Discovery Plan:**
The parties have received a discovery plan in the Scheduling Order previously issued in this case. If the parties conclude that a more case specific Scheduling Order is required provide here or notify if a telephone conference with the Magistrate Judge would be helpful to create same.

9. **Stipulations:**
List any matters to which the parties can stipulate.  Counsel are encouraged to stipulate to as many factual and legal issues as possible in the interests of reducing pretrial costs and delays.

10. **Major Issues of Fact and Law in Dispute:**
List here the major issues of fact an law in dispute.

11. **Related Case Information:**
Please state whether this case is related in any way to any other pending case, whether federal or state, civil or criminal.  If so, please list 1) the name of the related case; 2) the court in which it is pending; 3) the docket number; 4) the assigned judge(s); and 5) a brief description of how the cases are related.

12. **Rule 16 Conference:**
The parties are advised that a Rule 16 conference with the assigned magistrate judge may be beneficial.  Such conferences can be held in chambers or by telephone, and often result in a substantial reduction in the time and expense spent in pretrial preparation. **Each party shall state whether the party believes a Rule 16 conference would be beneficial.  If there is consensus, please provide four mutually convenient dates and times for a conference.**  In certain cases, the magistrate judge may *sua sponte* schedule a Rule 16 conference.

13. **Alternative Dispute Resolution (ADR):**
Counsel shall affirm that prior to the Rule 26(f) conference counsel obtained their clients' desires as to ADR and that at the Rule 26(f) conference counsel discussed in good faith the feasibility of using ADR.  **Counsel shall state whether ADR will be pursued, and if so, at what stage of the litigation.  If the parties agree that a settlement conference with a judicial officer would be productive, please set forth four mutually convenient dates and times for a conference.**

**Note:** as a pre-requisite to a settlement conference with a judicial officer, all counsel and/or parties must have exhausted good faith efforts to settle without judicial involvement.

**14. Consent Trials:**
Counsel are advised of their right to consent to trial by a Magistrate Judge pursuant to 28 U.S.C. §636(c). All counsel and/or unrepresented parties must sign the attached consent form to establish consent jurisdiction.

**15. Track Assignment:**
This case is assigned to the general civil track; however, the parties may request a transfer to the accelerated or standby docket. The necessary forms to request a change in docket status are available from the Clerk of Court at Lafayette, Louisiana.

**16. Electronic Courtroom:**
Counsel shall state here whether this case will be document-intensive, i.e., requiring the admission of a large number of documents at trial. If so, counsel shall set out their best estimate of the number of pages and/or documents involved and plan to conduct all discovery and trial presentation for CD-ROM..

NOTE: In jury trials, the court generally requires that documents or exhibits be shown to the jury via use of the "Visual Presenter" or a CD-ROM. This is particularly true in document-intensive jury trials. The requirements of the assigned trial judge as to this case will be discussed more fully with counsel at the final Pretrial Conference. The CD-ROM must be delivered to the Courtroom Deputy at least one week before trial.

In Judge Haik's cases, counsel will affirm in the final pretrial order that they are familiar with the Visual Presenter and its operation or note the date they have scheduled with this Court's Courtroom Deputy for training. They will also affirm that they have placed documents on CD-ROM in those cases deemed "document intensive" in this Rule 26(f) Report.

**17. Electronically Generated Exhibits or Aids:**
Any party who anticipates using electronically-generated exhibits or demonstrative aids at trial shall describe the anticipated exhibit or aid here. "Electronically generated exhibits or aids" refers to any exhibit or demonstrative aid which is CREATED in whole or in part with the aid of computer software, but excludes evidence which is MERELY to be EXHIBITED or presented by way of computer, CD-ROM or video presenter.

**18. Phase II Discovery:**
Parties are to notify this Court whether "Phase II" discovery as noted in Paragraph 8 of the Scheduling Order will be needed.

**19. <u>Handicap Provisions</u>**:

If the parties anticipate the need for handicap accommodations for any party, witness or trial participant, it is necessary to advise the court, in advance of trial. Please identify the nature of the handicap so the necessary accommodations can be made.

NOTE: Wheelchair accommodations or hearing impaired.

      I HEREBY CERTIFY THAT THE FOREGOING IS ACCURATE AND COMPLETE.

      ORIGINAL OR FAX [3] SIGNATURES OF COUNSEL OF RECORD
      DATE OF SIGNATURES

---

[3] The district judges of the Lafayette Division have authorized the use of facsimile signatures in lieu of original upon Rule 26(f) Reports (formerly Joint Status Reports) only.

4

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

|  |  |  |
|---|---|---|
|  | * | CIVIL ACTION NO. |
| **VERSUS** | * | JUDGE   HAIK |
|  | * | MAGISTRATE JUDGE |

# O R D E R

Having reviewed the foregoing Rule 26(f) Report and determined it to be complete, IT IS ORDERED that the Clerk of Court file it in the record.

Signed this _____ day of _____, 2000, at Lafayette, Louisiana.

_____
MAGISTRATE   JUDGE

Case 6:07-cv-00573-JA-KRS Document 75-2 Filed 05/24/2007 Page 10 of 12
Case 6:07-cv-00536-JA-KRS Document 37-5 Filed 05/24/2007 Page 10 of 12
≈AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

_____ District of _____

| | |
|---|---|
| Plaintiff<br>V.<br>Defendant | NOTICE, CONSENT, AND ORDER OF REFERENCE —<br>EXERCISE OF JURISDICTION BY A UNITED STATES<br>MAGISTRATE JUDGE<br><br>Case Number: |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

| | |
|---|---|
| Date | United States District Judge |

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# REALTIME GLOSSARY

A realtime glossary enables the court reporter to create a job dictionary with specific terminology and proper names that may be unique to a case. It reduces the amount of untranslated steno that will appear in the realtime transcript.

For all cases to be heard before Judge Richard Haik, the following things need to be included in the realtime glossary and provided to the court reporter at least ten (10) business days before the trial is scheduled to begin.

- *SHORT INTRODUCTION* outlining what case is about and when the trial date is. An example would be: Offshore Rig Accident out in Gulf of Mexico resulting in back injury. Trial date is September 14, 1999.

- *LIST OF ALL PROPER NAMES.* This needs to include short forms of all names and any nicknames that may be used during the trial. For instance, James Keith Smith a/k/a Jim Smith a/k/a Jimmy Smith. For company names, list the full legal name as well as any short form names that will come up during the trial. An example would be Bluebonnet Insurance Company, Incorporated a/k/a Bluebonnet a/k/a BICI. If the name is not gender apparent, please include Mr. or Ms.

- *WILL CALL AND MAY CALL WITNESS LISTS.*

- *EXHIBIT LISTS*

- *ALL EXPERT REPORTS AND CURRICULUM VITAE*

- *KEY WORD INDEXES FROM EXPERT OR TECHNICAL WITNESSES ONLY.*

- *IMPORTANT DATES.* This would include accident dates, surgery dates, et cetera.

- *TECHNICAL/MEDICAL TERMS*

7

# REALTIME GLOSSARY EXAMPLE

Mary Thompson
800 Lafayette Street
Suite 3104
Lafayette, LA 70501

Dear Mary:

Enclosed please find the realtime glossary for the case of <u>James Smith versus Bluebonnet Insurance Company</u>. It's a case involving an offshore rig accident in the Gulf of Mexico resulting in a back injury. The trial date is September 14, 1999.

James Keith Smith, III
Jim Smith (most common)
Bluebonnet Insurance Company, Incorporated
Bluebonnet Insurance
BICI
Worldwide Divers, Incorporated
Worldwide (most common)
Rig 23
M/V SKYHAWK

Witness names (attached)
Exhibit lists (attached)
Expert reports and CVs (none)
Keyword indexing (attached)

June 15, 1997 (DOA)

jettison
shoal
shole
gyropilot
gyroscopic inertia
gyroscopic stabilizer